```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION
```

KEITH HOGLUND,                        )
                                      )
                 Plaintiff,           )
                                      )
          vs.                         )  Cause No. 3:17-CV-824-RLM-MGG
                                      )
STATE OF INDIANA, EDGAR D.            )
WHITCOMB, MITCH DANIELS,              )
MICHAEL PENCE, SUE                    )
ELLERSPERMANN, GREG                   )
ZOELLER, KEVIN SMITH, CONNIE          )
LAWSON, GREGORY BALLARD,              )
LORETTA RUSH, HARRY REID, B.          )
PATRICK BAUER, BRIAN C.               )
BOSMA, P. ERIC TURNER,                )
THOMAS A. PYRZ, MICHAEL J.            )
ASTRUE, JOHN ECKART, BRUCE            )
LEMMON, JUDGE DAVID                   )
HANSELMAN, SR., MICHAEL W.            )
LAUTZENHEISER, SR., KENTON            )
KIRACOFE, BETH DAVIS, YVETTE          )
RUNKLE, WELLS COUNTY                  )
SHERIFF DEPARTMENT, SCOTT             )
HOLIDAY, GEORGE LOPEZ,                )
GREGORY P. KAUFFMAN, JOHN             )
G. CLIFTON, JOEL C. WIENEKE,          )
and JOHN PINNOW,                      )
                                      )
                 Defendants.

                            OPINION AND ORDER

Keith Hoglund, a prisoner without a lawyer, brings this suit against the State of Indiana, the Wells County Sheriff's Department, twenty-three state and local officials in their individual and official capacities, and five private attorneys. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Hoglund claims that, upon his birth in 1971, the state of Indiana deprived him of his nationality by categorizing him as "Caucasian/White Male" on his birth certificate. He claims that this "denationalization" resulted in the state having control of him as a legal entity, "DEBTOR: KEITH HOGLUND© [ENS LEGIS]," as opposed to as a "natural person." Thus, he claims, the State did not have jurisdiction to sentence him, a natural person, to prison. He claims "the STATE OF INDIANA, its governors, past and present and all corporate officers have acted in an illegal manner for the purposes of deceiving and committing fraud upon its citizens. These government officials were complicit in creating local ordinances, regulations, codes and statutes" meant to control people as legal entities, but not "the Sovereign Natural Man or Woman nor the Secured Party Creditor." Third, Mr. Hoglund claims that Indiana's holding him is a violation of international contract law, as he considers himself to be a "Swedish American National" and as such not subject to the jurisdiction of Indiana or United States law. He asks for compensatory damages in the amount of $160 million, paid in gold bullion.

The court of appeals has "repeatedly rejected . . . theories of individual sovereignty, immunity from prosecution, and their ilk." United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011). Even if an individual claims the status of "a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *Id.*; *see also* United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing defendant's "sovereign citizen" defense as having "no conceivable validity in American law").

Because all three of Plaintiff's claims rest on his theories of sovereign citizenship, this complaint must be dismissed as frivolous. Though a plaintiff usually is given the opportunity to file an amended complaint when a case is dismissed sua sponte, *see* Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where amendment would be futile. Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

For these reasons, the Complaint is DISMISSED as frivolous pursuant to 28 U.S.C. § 1915A.

SO ORDERED on February 8, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATED DISTRICT COURT

3